1 | DORON WEINBERG (State Bar No. 46131)
  | NINA WILDER (State Bar No. 100474)
2 |
  | WEINBERG & WILDER
3 | 523 Octavia Street
  | San Francisco, California 94102
4 | Tel.  (415) 431-3472
  | FAX  (415) 552-2703
5 | ninawilder@aol.com

6 | Attorneys for Defendant
  | RAMON REYNOSO
7 |

8 |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| UNITED STATES OF AMERICA, | ) | No. CR-06-00716-CW |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PRETRIAL CONFERENCE** |
| | ) | |
| RAMON REYNOSO, | ) | |
| | ) | **Date:** September 12, 2007 |
| Defendant. | ) | **Time:** 2:30 p.m. |
| _____ | ) | **The Honorable Claudia Wilken** |

**DEFENDANT RAMON REYNOSO'S MOTION IN LIMINE TO EXCLUDE OTHER ACTS EVIDENCE UNDER RULES 404(b) AND 403**

**DFT. MOTION IN LIMINE RE:
404(B) AND 403**

**INTRODUCTION**

Defendant Ramon Reynoso respectfully moves the Court to exclude all "other acts," evidence under Federal Rule of Evidence 404(b), except for the specific items of evidence which the Court has previously ruled admissible: (1) August and September 2000 Form 941's; (2) failure to file Form 941's and pay payroll taxes from 1999-2005; (3) failure to file corporate taxes from 2001-2006.

Within the past two months, the defense has received voluminous additional discovery and disclosures. That the government proposes to introduce some of these items as other acts evidence seems certain. But to date, the government has failed to give the requisite 404(b) note. It is now too late. Accordingly, the Court should exclude all other acts evidence from trial which is not in compliance with Rule 404(b).

**ARGUMENT**

**I.  OTHER ACTS EVIDENCE IS GENERALLY DISFAVORED UNDER RULE 404(b)**

Federal Rule of Evidence 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The rule goes on to state that such evidence

> may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

*Id.*

The Ninth Circuit has repeatedly explained that the limitations in Rule 404(b) are "designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the

**DFT. MOTION IN LIMINE RE:**
**404(B) AND 403**                                      1

defendant is a bad man deserving of punishment." *United States v. Hill,* 953 F.2d 452, 457 (9th Cir. 1991) (citations and internal quotation marks omitted); *see also United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir. 1994) (noting that the reluctance to sanction the use of other acts evidence "stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is").

The risk here is that the jury will not be able to segregate the charged offenses from excessive evidence of defendant's other conduct.

**II. GOVERNMENT FAILED TO ADEQUATELY NOTICE OTHER ACTS EVIDENCE**

Under the terms of Rule 404(b), the government must affirmatively articulate its intention to introduce other acts evidence. *United States v. Vega,* 188 F.3d 1150, 1152-53 (9th Cir. 1999) (quoting Rule 404(b)). Similarly, Northern District of California Criminal Local Rule 16-1(c)(3) requires the government to disclose "a summary of any evidence of other crimes, wrongs or acts which the government intends to offer under F.R.Evid. 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence." Crim. L.R. 16-1(c)(3); *see also Mayans,* 17 F.3d 1181, 1183 (9th Cir. 1994) (explaining that, without adequate notice by the prosecution, the trial court cannot "make the focused determination of relevance mandated" by Rule 404(b)).

Failure to provide adequate notice, or obtain an excuse from the district court, "renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment." *Vega,* 188 F.3d at 1153. The notice requirement also applies to evidence that might be offered "for possible rebuttal." *Id.* at 1154. As set out in the advisory committee notes to the 1991 amendments to Rule 404(b): "Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." F.R. Evid.

**DFT. MOTION IN LIMINE RE:**
**404(B) AND 403**                                    2

1  404(b) (adv. comm. notes – 1991 amendments).  Merely "providing such evidence to the defense
2  in discovery is not enough to satisfy the notice requirements of Rule 404(b), which requires the
3  government specifically to disclose 'the general nature of any such evidence it intends to
4  introduce at trial.'"  *United States v. Spinner,* 152 F.3d 950, 961 (D.C. Cir. 1998).

5  Here, the question of Rule 404(b) was raised early by the defense to avoid the exact type
6  of surprise that the government has engendered.  In the required notice for admission of evidence
7  under Rule 404(b), the government must articulate what other acts evidence it is seeking to
8  introduce and identify how the noticed other acts evidence "is relevant to one or more issues in
9  the case; specifically, it must articulate precisely the evidential hypothesis by which a fact of
10 consequence may be inferred from the other acts evidence."  *United States v. Mehrmanesh,* 689
11 F.2d 822, 830 (9th Cir. 1982) (citations omitted).  The government has not filed any notice of
12 intent to introduce other acts evidence under Rule 404(b).  Accordingly, as a procedural matter,
13 no other acts evidence may be admitted at trial against Dr. Reynoso.

14 **III.  OTHER ACTS EVIDENCE MUST BE EXCLUDED ON THE MERITS BECAUSE THE GOVERNMENT HAS NOT MADE NECESSARY SHOWING UNDER**
15 **404(b) or 403**

16 The Court has the duty to "make a focused determination of relevance mandated by" the
17 Federal Rules of Evidence, as well as the local criminal rules, before any other acts evidence
18 may be admitted.  *Mayans,* 17 F.3d at 1183; *see also* Crim. L.R. 16-1(c)(3)  (requiring the
19 government to disclose "a summary of any evidence of other crimes, wrongs or acts which the
20 government intends to offer under F.R.Evid. 404(b), and which is supported by documentary
21 evidence or witness statements in sufficient detail that the Court may rule on the admissibility of
22 the proffered evidence").  Here, even if the government's procedural failure were excused, no
23 such determination can be made as a substantive matter.

24 At its core, Rule 404(b) is a rule of relevance.  *See Huddleston v. United States*, 485 U.S.
25
26 **DFT. MOTION IN LIMINE RE:**
   **404(B) AND 403**                             3

1   681, 689 (1988) (stating that relevance is not an inherent characteristic, and that prior bad acts
2   are not intrinsically relevant to motive, opportunity, intent, or absence of mistake); *Mayans*, 17
3   F.3d at 1181 (stating that reluctance to sanction use of other bad acts evidence stems from the
4   principle that "guilt or innocence of the accused must be established by evidence *relevant to the*
5   *particular offense being tried*, not by showing that the defendant has engaged in other acts of
6   wrongdoing") (emphasis added); *see also United States v. Morley*, 199 F.3d 129, 133 (3rd Cir.
7   1999) (stating that "[e]vidence that is not relevant, by definition, cannot be offered for a proper
8   purpose, and evidence that may be relevant for some purposes may be irrelevant for the purpose
9   for which it is offered"). Rule 404(b) enumerates several potential purposes for which other acts
10  evidence may be admitted. However, as noted above, the government must as an initial
11  procedural matter clearly identify how the proffered other acts evidence "is relevant to one or
12  more issues in the case; specifically, it must *articulate precisely the evidential hypothesis* by
13  which a fact of consequence may be inferred from the other acts evidence." *Mehrmanesh,* 689
14  F.2d at 830 (emphasis added).

15       Next, as the proponent of the proffered other acts evidence in this case, the government
16  must demonstrate on the merits that each incident meets the requirements of a four-part test
17  developed by the Ninth Circuit for evaluating that admissibility of other acts evidence under
18  Rule 404(b). Specifically, the government must show: 1) the evidence is sufficient to support a
19  finding that the defendant committed the other act; 2) the evidence tends to prove a material
20  point; 3) the prior act is not too remote in time; and 4) in cases where knowledge and intent are
21  at issue, the act is similar to the offense charged. *United States v. Vizcarra-Martinez,* 66 F.3d
22  1006, 1013 (9th Cir. 1995); *see also United States v. Curtin,* __F.3d__, 2007 WL 1500295 (9th
23  Cir. May 24, 2007) at *22 (emphasizing that the government has the burden of proving the
24  materiality of the element for which the other acts evidence is offered). However, the

25

26  **DFT. MOTION IN LIMINE RE:**
    **404(B) AND 403**                           4

1   government has not even attempted to meet this substantive burden.

2       Finally, even if the Court were to determine that the government was excused for failing
3   to meet its procedural disclosure obligations and had substantively demonstrated admissibility of
4   other acts evidence under the Rule 404(b) factors, any such evidence still must be excluded
5   under Rule 403 where its probative value is substantially outweighed by the danger of unfair
6   prejudice, or other pertinent considerations. *See, e.g., United States v. Curtin,* __F.3d__, 2007
7   WL 1500295 (9th Cir. May 24, 2007) at *21 ("Because evidence of other crimes, wrongs, or acts
8   carries with it the inherent potential to see the defendant simply as a bad person . . . a trial court
9   must take appropriate care to see that this does not happen.")

10       Of course, as discussed *supra* in Section II, the Rule 403 test can only be fairly
11   accomplished if adequate information regarding any probative value of the other acts evidence
12   has been carefully and thoroughly reviewed by the Court, which cannot occur where as here the
13   government has failed to provide an adequately detailed notice and failed to demonstrate
14   admissibility under the Rule 404(b) factors. *See id.* at *22 ("[W]e hold as a matter of law that a
15   court does not properly exercise its balancing discretion under Rule 403 when it fails to place on
16   the scales and personally evaluate *all* that it must weigh."). Thus, even if the government had
17   properly noticed any other acts evidence and demonstrated admissibility under Rule 404(b), the
18   evidence is still inadmissible unless the government also demonstrates that the Rule 403
19   balancing test favors admission. Since the government in this case has not demonstrated that its
20   proffered evidence is admissible under the criteria of Rules 404(b) and 403, the Court should
21   exclude all "other acts" evidence from trial, except the specific evidence previously in response
22   to defendant's motion.

23       ///
24       ///
25

26   **DFT. MOTION IN LIMINE RE:**
     **404(B) AND 403**                                     5

**CONCLUSION**

Under the applicable rules of evidence and local rules, the government bears the procedural burden not only of noticing "other acts" evidence it intends to introduce, but of articulating a specific hypothesis for its relevance. Moreover, the government is substantively required to demonstrate that the other acts evidence offered passes a four-part test for admissibility, and does not present a risk of prejudice that substantially outweighs its probative value. Because the government has not met its procedural or substantive requirements for admission of any "other acts" evidence, the Court should exclude all such evidence from trial.

Dated:  September 5, 2007

Respectfully submitted,

WEINBERG & WILDER


By:   /s/ Nina Wilder
    NINA WILDER
    Attorneys for Defendant
    RAMON REYNOSO

**DFT. MOTION IN LIMINE RE:**
**404(B) AND 403**                          6