IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAMON REYNOSO,

    Movant,

  v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

No. C 09-02060 CW
CR 06-00716 CW

ORDER DENYING MOTION FOR LEAVE TO FILE 28 U.S.C. § 2255 MOTION OUT-OF-TIME

    On May 11, 2009, Movant Ramon Reynoso filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence and a companion motion for leave to file the § 2255 motion out-of-time. In the second motion, Movant acknowledged that his § 2255 motion was filed outside the one year statute of limitations, but argued that equitable tolling applied.[1]  On June 24, 2009, the Court issued an Order On Movant's Motion For Filing Out-Of-Time indicating that it would accept the § 2255 motion for filing, but would not decide at that time whether equitable tolling applied. The Court instructed Movant to file a memorandum in support of his motion, and, if he did so, to include grounds for equitable tolling.  On July 21, 2009, Movant filed a Memorandum In Support of His Motion for Leave to File Out-Of-Time, in which he only

---

[1] Judgment was entered on April 1, 2008. To be timely, Movant's motion had to be filed by March 31, 2009. It was filed on May 11, 2009.

addressed the issue of equitable tolling. On September 14, 2009, Respondent filed an opposition addressing the issue of equitable tolling and the merits of Movant's § 2255 claim. On November 9, 2009, Movant filed a reply in which he addressed only equitable tolling and criticized Respondent for arguing the merits of his § 2255 claim in its opposition. Movant has misunderstood that the Court instructed him in the June 24, 2009 Order that if he filed a memorandum in support of his § 2255 motion, he was also to address the issue of equitable tolling. Despite this misunderstanding, the Court addresses the issue of equitable tolling.

The one-year timing provision under the Antiterrorism and Effective Death Penalty Act is a statute of limitations subject to equitable tolling, not a jurisdictional bar. Calderon v. United States Distr. Ct. for the Centr. Dist. of Cal. (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States Distr. Ct. for the Centr. Dist. of Cal. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). However, equitable tolling is not available in most cases because the prisoner must prove that extraordinary circumstances beyond his or her control made it impossible to file the motion on time. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005).[2]

Movant provides several reasons for filing his § 2255 motion beyond the one-year limitations period. In his declaration, he states that, upon his surrender at the Federal Prison Complex in

---

[2] Citing Andrews v. Orr, 851 F.2d 146, 152 (6th Cir. 1988), Movant argues that the Court should apply the more lenient Sixth Circuit standard for equitable tolling. However, this Court is bound by Ninth Circuit authority and cannot apply out-of-circuit case-law that conflicts with it.

2

Lompoc, he was mistakenly placed in segregation in the Special Housing Unit for nine days where he was beaten multiple times by his cell-mate. Upon his release from segregation, prison staff informed him that, if he was to become a "wise guy," he would immediately be returned to segregation, and this intimidation kept him from going to the prison law library to investigate any remedies that he had. Less than sixty days after Movant arrived in prison, he was transferred to the Residential Drug Abuse Program "satellite camp" which does not have a law library available to inmates. At the "satellite camp," Movant asked for access to the law library, but was told by his counselor that any challenge to his judgment had to be made eighteen months from the last court entry. Movant erroneously thought this meant the time for filing his § 2255 motion would start running from June 17, 2008, the date the Court entered an order regarding Movant's voluntary surrender date. Movant was housed at the "satellite camp" from September 17, 2008 through March 6, 2009. After Movant returned to the Main Camp, he gained access to the law library and realized that there was a one-year deadline for filing his motion. He states that he "immediately began investigation and acquired the form for filing. I mailed the form and Motion seeking leave to file out-of-time within sixty days of learning of the statute of limitations."[3]

Respondent argues that Movant's statements are not corroborated, and that, even if taken as true, Movant had access to

---

[3] In his motion, Movant also indicates that his attorney "abandoned" him and stopped communicating with him following the imposition of his sentence. However, this is not stated in Movant's declaration, nor does he indicate how this fact caused his failure to file his motion before the one-year period expired.

3

the law library for a sufficient time period to research his motion and file it with the Court before March 31, 2009. The Court agrees that, even if taken as true, the conditions of Movant's confinement do not comprise extraordinary circumstances beyond his control. Although Movant was "intimidated" by prison personnel after his release from segregation, he does not explain how that intimidation prevented him from access to the law library. Further, after March 6, 2009, when Movant returned to the Main Camp and had access to the law library, he had approximately three weeks to file a timely § 2255 motion. Movant does not offer an explanation as to his lack of diligence in filing the motion during those three weeks, especially in light of the fact that the motion he did file is a form primarily consisting of checked boxes with his claim for relief stated in one sentence.

## CONCLUSION

Based on the foregoing, the Court denies Movant's motion for leave to file a § 2255 motion out-of-time.

IT IS SO ORDERED.

Dated: January 12, 2010

CLAUDIA WILKEN
United States District Judge