IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON REYNOSO,<br><br>    Movant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____/ | No. C 09-02060 CW<br>    CR 06-00716 CW<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY REGARDING MOTION FOR LEAVE TO FILE § 2255 MOTION OUT OF TIME |

    Movant has filed a notice of appeal of the Court's January 12, 2010 Order Denying Motion for Leave to File 28 U.S.C. § 2255 Motion Out-Of-Time.

    Movant's right to appeal the Court's denial of this motion is governed by 28 U.S.C. § 2253(c), which states,

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under

>     paragraph (1) shall indicate which specific
>     issue or issues satisfy the showing required by
>     paragraph (2).

28 U.S.C. § 2253(c)(1)-(3).  The Ninth Circuit has interpreted the phrase "circuit justice or judge" to include district court judges. United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir 1997).

Although the January 12, 2010 Order did not address the substance of Movant's § 2255 motion, it is a final order in a proceeding under section 2255 and, as such, § 2253(c)(1)(B) applies and a certificate of appealability is required to challenge it. Because Movant's constitutional claims were not addressed in the Order, the Court adopts the standard explicated in Eltayib v. United States, 294 F.3d 397, 400 (2nd Cir. 2002), for an appeal in a § 2255 proceeding of an order that does not address constitutional claims.  For instance, Eltayib addressed a motion, under Federal Rule of Appellate Procedure 4(a)(6), to reopen the time to appeal a § 2255 motion.  Id. at 398.  Eltayib held that, to obtain a certificate of appealability for such a motion, a movant must show

>     (1) that jurists of reason would find it debatable
>     whether the district court abused its discretion in
>     denying the Rule 4(a)(6) motion; and (2)(a) in a case
>     where a habeas petition was denied on its merits, that
>     jurists of reason would find the district court's
>     assessment of the constitutional claims debatable or
>     wrong or (b) in a case where a habeas petition was denied
>     on procedural grounds without reaching the underlying
>     constitutional claims, that jurists of reason would find
>     it debatable whether the petition states a valid claim of
>     the denial of a constitutional right and that jurists of
>     reason would find it debatable whether the district court
>     was correct in its procedural ruling.

Id.; see also Patrick v. United States, 298 F. Supp. 2d 206, 211 (D. Mass. 2004) (applying Eltayib standard for certificate of

2

appealability regarding order denying motion for free trial transcripts in § 2255 case).

Movant urges that denial of his motion was an abuse of discretion because (1) the Court ignored extraordinary circumstances and the fact that his attorney "abandoned" him as reasons for the late-filed motion; (2) the Court failed to permit an amendment to his reply to allow him to argue his substantive claim of ineffective assistance of counsel; (3) Ninth Circuit precedent and the Antiterrorism and Effective Death Penalty Act (AEDPA) present insurmountable and impermissible obstacles for application of equitable tolling; (4) it is unreasonable to require a movant to have knowledge of the one-year statute of limitations for filing a § 2255 motion.

Movant's first argument fails because, in the January 12, 2010 Order, the Court considered the circumstances he put forward to explain why his motion was filed late, including abandonment by his attorney. See January 12, 2010 Order at 3 n.3. Movant's second argument appears to be premised on the fact that, in the Court's June 24, 2009 Order On Movant's Motion for Filing Out of Time, it suggested that he file a brief addressing both equitable tolling and his substantive claim of ineffective assistance of counsel. However, in his brief and his reply, Movant only addressed equitable tolling. Now, Movant appears to argue that the Court should have sua sponte granted leave to amend his reply so that he could argue his ineffectiveness claim. Movant submits no authority that requires a court to sua sponte allow a party to file an amended reply. Furthermore, it would have been futile for him to

3

amend his reply subsequent to the Court's denial of his motion to file his § 2255 motion out-of-time. Movant's third and fourth arguments challenge Ninth Circuit precedent and AEDPA's statute of limitations for filing § 2255 motions, which Movant did not include in his brief regarding equitable tolling. There can be no abuse of discretion in failing to consider arguments Movant did not raise in his brief.

Because jurists of reason would not find it debatable whether the Court abused its discretion in denying Movant's motion to file his § 2255 motion out-of-time, the request for a certificate of appealability is denied.

IT IS SO ORDERED.

Dated: May 6, 2010

CLAUDIA WILKEN
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

USA,

         Plaintiff,

  v.

RAMON REYNOSO,

         Defendant.
                                     /

Case Number: CR06-00716 CW
C 09-02060 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ramon Reynosa
C/O Cornell, Inc.
205 MacArthur Blvd.
Oakland, CA 94610

Ramon Reynosa
Federal Prison Camp
3705 West Farm Road
Lompoc, CA 93436

Dated: May 6, 2010

Richard W. Winking, Clerk
By: Ronnie Hersler, Adm Law Clerk